25598.   STEWART *v.* BRASELTON IMPROVEMENT CO.
et al.

DECIDED NOVEMBER 16, 1936.

*C. D. Stewart, Poole & Fraser,* for plaintiff.

*J. S. Ayers, Erwin, Erwin & Nix, Colquitt, MacDougald, Trout-*
*man & Arkwright,* for defendants.

STEPHENS, J.  Where uninsulated electric wires, which are
charged with 2300 volts of electricity to supply electric motor
power for the operation of a cotton-gin, are strung from a trunk-
wire of a company which supplies electricity, across the property
of the owner of the gin, to the gin-house, and pass through the
limbs of a tree located on the property of the owner of the gin, and
where, due to the swaying of the wires in the branches of the tree
caused by the wind, the wires from time to time come in contact
with the branches of the tree and cause the branches of the tree
to become charged with electricity, and where it is a custom for
patrons of the gin to bring cotton to the gin in wagons in which
the cotton is piled high, and, in approaching the gin-house for the
purpose of delivering the cotton to the gin, to drive the wagon
under the tree, and people who are on top of the cotton in the
wagon would come in contact with the branches of the tree, and all
of these facts are known to both the owner and operator of the gin
and the electric company which furnishes the electricity; and
where, while one of the wagons, which is piled high with cotton
which is being brought to the gin for the purpose of being ginned,
is standing under the tree awaiting its turn to discharge its cot-
ton, a person on the top of the cotton comes in contact with the
overhanging branches of the tree which are charged with electric-
ity from coming in contact with the uninsulated wires as indi-
cated, and receives an electric shock which kills him, the homi-
cide may be proximately caused by the negligence of the owner of
the gin in maintaining the wires in an uninsulated condition
charged with electricity, and the negligence of the electric com-
pany in furnishing the electricity through the wires.  The peti-
tion, in a suit brought by a plaintiff who had the right to recover
for the tortious homicide of the deceased, against both the elec-
tric company and the owner of the gin, to recover damages for
the homicide of the deceased, in which the above facts are alleged
as negligence proximately causing the homicide, set out a cause
of action against both defendants as joint tort-feasors.  The peti-

530

tion was not subject to demurrer on the ground of a misjoinder of parties defendant, or on the ground that the petition failed to set out a cause of action. The judge erred in sustaining the demurrer and dismissing the action.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*